UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TYRONE RONALD FOUNTAIN,

             Plaintiff,                    Case No. 1:26-cv-904

v.                                  Honorable Jane M. Beckering

UNKNOWN MCCAULEY et al.,

             Defendant.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## **Discussion**

### I.    **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The

events about which he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff names the following IBC staff as Defendants: Warden Unknown McCauley; Food Service Directors Unknown Wakefield and Unknown Klein; Food Service Employees Unknown Simpson, Unknown Mixen, Unknown Zeller, and Unknown McConnell; Registered Nurses Karlie Kelly, Kenneth McIntyre, and Shelby Nieves; Grievance Coordinator Unknown Brooke; Grievance Section Manager of Legal Affairs Unknown Lockhart; and "Et. Al. MDOC Employee," (hereinafter referred to as "Unknown MDOC Employee"). (Compl., ECF No. 1, PageID.1–5.) Plaintiff sues all Defendants in their individual and official capacities. (*Id*., PageID.3–5.)

On March 4, 2025, Plaintiff received a food tray consisting of a regular meal. (*Id*., PageID.6.) However, Plaintiff is a vegetarian and alleges he informed the non-party "officers/unit staff" that he was supposed to receive a "substitute food tray" with vegetarian food. (*Id*.) The non-party "unit officer called food service" and told them to send a vegetarian tray, but Plaintiff "never received [his] food that day." (*Id*.) Thereafter, Plaintiff wrote a grievance about the food issue, but he never received a response. (*Id*.)

From May 16, 2025, to May 21, 2025, Plaintiff "was repeatedly given regular trays for lunch and dinner[.]" (*Id*.) Each time he received the regular tray, Plaintiff "stated to staff [that he was] on a non-meat diet/tray list[.]" (*Id*.) Plaintiff would only eat one meal a day for breakfast, and for lunch and dinner, Plaintiff "was told to take the tray or write a grievance or starve." (*Id*., PageID.6–7.) Plaintiff wrote a grievance but it was "not resolved" because "[Defendant Brooke]/[Defendant McCauley] would not respond to step II[,] forcing [Plaintiff] to go to step III where the grievance rejection was upheld by [Defendant] Lockhart, for not attaching copies of various documents [that Plaintiff] was never provided with []." (*Id*., PageID.6.)

2

On May 22, 2025, Plaintiff submitted another grievance explaining the issue with his food, but the grievance was rejected. (*Id*., PageID.7.) Plaintiff claims that the rejection was "an act of retaliation" and the rejection incorrectly stated that the grievance was "vague and illegible when it [was] not." (*Id*.) Plaintiff also "sent multiple kites/letters to [Defendant McCauley]/[the] food service department about [the] issue" but Plaintiff never received a response. (*Id*.)

On June 13, 2025, Plaintiff filled out another food preference sheet and gave it to non-party "unit staff," but "days later [Plaintiff] still did not get [his] preferred [vegetarian] meal[.]" (*Id*.) On June 21, 2025, Plaintiff submitted another grievance, but it was "not properly addressed by staff/[Defendant Brooke], forcing [Plaintiff] to next step (step III)[.]" (*Id*.) At step III, the grievance was denied for not providing copies of the grievance, but Plaintiff was never provided copies. (*Id*.) Plaintiff asserts that Defendants Brooke, McCauley, and Lockhart rejected Plaintiff's grievances "for being vague when every portion of [the] grievance is accurate, clearly making this an act of retaliation." (*Id*.)

Furthermore, Plaintiff "sent multiple kites to healthcare and mental health about not eating" because it was causing Plaintiff "physical and mental pain and hardship[.]" (*Id*.) Plaintiff asserts that "healthcare, food service employees, and director[,] and anyone else involved failed to provide [Plaintiff] treatment or help resolve [the] issue correctly." (*Id*.) Plaintiff states that he wrote multiple grievances to address the food issue, but "even after speaking [with the non-party Sergeant], and [the Sergeant] clearly addressed the issue with food service to prevent this from happening any longer[,] [i]t was all to no avail." (*Id*., PageID.8.)

Plaintiff claims that the denial of vegetarian food and inadequate medical treatment constituted cruel and unusual punishment under the Eighth Amendment, and the rejections and lack of responses to his grievances constituted a violation of his right to due process under the

3

Fourteenth Amendment. (*Id.*, PageID.7.) The Court also construes Plaintiff's complaint to raise a claim of retaliation under the First Amendment. (*See generally id.*)

As relief, Plaintiff seeks compensatory and punitive damages, as well as unspecified injunctive and declaratory relief. (*Id.*, PageID.9.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

4

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

> **A.     Defendants Wakefield, Klein, Simpson, Mixen, Zeller, McConnell, Kelly, McIntyre, Nieves, and Unknown MDOC Employee**

Plaintiff names Food Service Directors Wakefield and Klein; Food Service Employees Simpson, Mixen, Zeller, and McConnell; Registered Nurses Kelly, McIntyre, and Nieves; and Unknown MDOC Employee as Defendants. However, Plaintiff fails to allege any facts showing how these Defendants were personally involved in the alleged violation of Plaintiff's constitutional rights. (*See* Compl., ECF No. 1.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–61 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff does not name Defendants Wakefield, Klein, Simpson, Mixen, Zeller, McConnell, Kelly, McIntyre, Nieves, and Unknown MDOC Employee in the body of the

complaint. (*See* Compl., ECF No. 1.) These ten Defendants appear only in the list of Defendants in the caption of Plaintiff's complaint (*see id*., PageID.1–5), and Plaintiff does not allege any facts in the complaint showing how these Defendants were involved in the alleged violation of Plaintiff's rights, (*see id*., PageID.6–8). The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Plaintiff's complaint concludes, "All defendants listed in this complaint acted under color of state law and deprived Plaintiff [] of his 8th Amendment [rights] because of inadequate treatment and cruel and unusual punishment for failure to feed Plaintiff…" and "deprived Plaintiff [] of his 14th Amendment [rights] by rejecting and upholding rejections on grievances incorrectly…." (Compl., ECF No. 1, PageID.7.) However, Plaintiff does not allege facts showing how these ten Defendants violated his constitutional rights. Without supporting facts, the Court cannot infer that these Defendants are liable for the alleged violation of Plaintiff's constitutional rights.

Furthermore, to the extent that Plaintiff seeks to hold these Defendants liable due to their supervisory positions, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor

can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> A supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. We have interpreted this standard to mean that at a minimum, the plaintiff must show that the defendant at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (citations and internal quotation marks omitted) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

In this case, Plaintiff fails to allege any facts showing that Defendants, in their supervisory positions, encouraged or condoned any conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct. *See Peatross*, 818 F.3d at 242.

Accordingly, for the reasons set forth above, Plaintiff's claims against Defendants Wakefield, Klein, Simpson, Mixen, Zeller, McConnell, Kelly, McIntyre, Nieves, and Unknown MDOC Employee are properly dismissed for failure to state a claim.

### B.      Defendants McCauley, Brooke, and Lockhart

Plaintiff raises Fourteenth Amendment Due Process claims and First Amendment retaliation claims against Defendants McCauley, Brooke, and Lockhart regarding their rejections or lack of responses to Plaintiff's grievances.

### 1.    Fourteenth Amendment Due Process Claims

The Sixth Circuit has held that where a defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act," the defendant cannot be liable under § 1983. *Shehee*, 199 F.3d at 300. The reason is that there must be active unconstitutional behavior. *Id*. Failing to intervene on a prisoner's behalf or merely denying an administrative grievance to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior. *Id.* The Sixth Circuit has also held that a prisoner's allegation that a defendant improperly denied a grievance or failed to respond to a grievance is not a claim of constitutional dimension because there is "no inherent constitutional right to an effective prison grievance procedure." *See Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000) (concluding that failing to properly respond to a grievance is not a constitutional violation); *Lyle v. Stahl*, No. 97-2007, 1998 WL 476189, at *1 (6th Cir. Aug. 3, 1998); *see also Smith v. Dawdy*, No. 23-2043, 2024 WL 4925843, at *5 (6th Cir. Sept. 13, 2024) ("[T]here is no constitutional right to unfettered access to grievance procedures, or to a response to every grievance.")

Moreover, the United States Supreme Court and federal appellate courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue*, 80 F. App'x at 430; *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And Michigan law does not create a liberty interest in the grievance procedure. *See Olim*, 461 U.S. at 249; *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Thus, because Plaintiff has no liberty interest in the grievance

process, any response, or lack thereof, by Defendants McCauley, Brooke, and Lockhart to Plaintiff's grievances did not deprive Plaintiff of due process.

Accordingly, Plaintiff fails to state any Fourteenth Amendment due process claims against Defendants McCauley, Brooke, and Lockhart regarding their responses to his grievances.

### 2.    First Amendment Retaliation Claims

Next, as to Plaintiff's First Amendment retaliation claims against Defendants McCauley, Brooke, and Lockhart, Plaintiff asserts that Defendants Brooke, McCauley, and Lockhart rejected Plaintiff's grievances "for being vague when every portion of [the] grievance is accurate, clearly making this an act of retaliation." (Compl., ECF No. 1, PageID.7.)

To establish a First Amendment retaliation claim, a prisoner must show that "(1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of 'ordinary firmness from continuing to engage in that conduct,' and (3) 'the adverse action was motivated at least in part by the [prisoner's] protected conduct.'" *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (alteration in original) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir. 1999) (en banc)).

Although filing grievances constitutes protected activity, Plaintiff's retaliation claims against Defendants Brooke, McCauley, and Lockhart are entirely conclusory. Plaintiff claims that Defendants' rejection of his grievances was "an act of retaliation." (Compl., ECF No. 1, PageID.7.) However, "[m]any courts, including this one, have held that the denial or refusal to process a grievance is not an adverse action." *Cameron v. Gurnoe*, No. 2:19-cv-71, 2019 WL 2281333, at *4–5 (W.D. Mich. May 29, 2019); *Branch v. Houtz*, No. 1:16-cv-77, 2016 WL 737779, at *6 (W.D. Mich. Feb. 26, 2016); *Stone v. Curtin*, No. 1:11-cv-820, 2011 WL 3879505, at *4 (W.D. Mich. Aug. 31, 2011) ("[T]he failure to process a prison grievance would not deter a prisoner of ordinary firmness from exercising his First Amendment right to file a grievance."); *Green v.*

*Caruso*, No. 1:10-cv-958, 2011 WL 1113392, at *10 (W.D. Mich. Mar. 24, 2011) (concluding that the denial of a prisoner's grievances was not sufficiently adverse to support a retaliation claim). *But see Richards v. Perttu*, 96 F.4th 911, 919 (6th Cir.) (addressing the intentional destruction of grievances), *aff'd*, 605 U.S. 460 (2025).

And, regardless, Plaintiff merely alleges the ultimate fact of retaliation with regard to Defendants' rejection of his grievances; such "conclusory allegations of retaliatory motive 'unsupported by material facts'" do not state a claim under § 1983. *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (citation omitted); *see Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (holding that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))).

Accordingly, for these reasons, Plaintiff fails to state a First Amendment retaliation claim against Defendants Brooke, McCauley, and Lockhart.

### C.    Non-Parties Referenced in Complaint

In Plaintiff's complaint, he also describes the actions of non-party unit officers, unit staff, the food service department, and an unnamed Sergeant at IBC. (*See*, Compl., ECF No. 1, PageID.6–8.)

Federal Rule of Civil Procedure 10(a) requires that a plaintiff "name all of the parties" in "[t]he title of the complaint." Fed. R. Civ. P. 10(a). Further, this Court has previously concluded that "[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations."

*Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665, at *1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Brown v. Mich. Dep't of Corr.*, No. 1:22-cv-16, 2022 WL 2900888, at *1 n.2 (W.D. Mich. Jul. 22, 2022) (concluding that corrections officers identified as defendants in a particular count of the complaint, but not named in the caption or in the form complaint "list of parties" were not parties to the action).

Plaintiff claims that on the various occasions that he was served a non-vegetarian meal, Plaintiff told "officers," "unit staff," a non-party "unit officer," and an unnamed Sergeant that Plaintiff is vegetarian and should be getting vegetarian meals at lunch and dinner. (*See e.g.* Compl., ECF No. 1, PageID.6–8.) However, these IBC officers and staff are not named as Defendants.[1] Fed. R. Civ. P. 10(a). Accordingly, any intended claims against the non-party individuals or groups of individuals discussed in the complaint will be dismissed for failure to state a claim upon which relief may be granted.

### D.    Eighth Amendment Claims

#### 1.    Claims Regarding Vegetarian Food Trays

Moreover, even setting aside the issue of Plaintiff faulting non-parties for Plaintiff's receipt of non-vegetarian meals, the Court finds that Plaintiff fails to state an Eighth Amendment claim regarding his receipt of non-vegetarian food trays.

Plaintiff asserts that he is a vegetarian and filled out a "food preference sheet" at IBC indicating that he prefers meals with no meat, but he was still served meat on several occasions. (*See* Compl., ECF No. 1, PageID.7.) Plaintiff claims he did not eat lunch or dinner for at least five

---

[1] Plaintiff names Unknown MDOC Employee as a Defendant, but he does not attribute any specific conduct to this Defendant. (*See* Compl., ECF No. 1.)

consecutive days because he was served meals with meat, and that he suffered physical and mental pain as a result of going without "proper nutrition." (*See id*.)

"The Eighth Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate clothing, food, and medical care." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1970)). "An Eighth Amendment conditions of confinement claim [] contains both an objective and subjective component." *Id*.

> The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him the minimal civilized measure of life's necessities. The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs.

*Id*. (citations and internal quotation marks omitted). "A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." *Mobley v. Smith*, 4:05-cv-153, 2007 WL 1650934, at *5 (W.D. Mich. June 4, 2007) (quoting *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002)); *see also Clark-Murphey v. Foreback*, 439 F.3d 280, 292 (6th Cir. 2006) ("[Prisoner] had a clearly established right not to be deprived of food and water."). However, "not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)).

In this action, Plaintiff fails to state an Eighth Amendment claim for the deprivation of adequate food. Plaintiff alleges that he did not eat lunch and dinner on several occasions because he was served meat, and he prefers vegetarian food. However, Plaintiff does not allege that he was denied food generally, and he does not allege that he was not provided with nutritious meals, only

12

that he was not provided with meals that would accommodate Plaintiff's vegetarian diet. But refusing meals because of a preference does not constitute a deprivation under the Eighth Amendment. *Cf. Mobley*, 2007 WL 1650934, at *6 ("[A]n allegation that a prisoner has elected not to consume the 'whole meals' provided by the prison [] solely because of his religious preference[,] does not state a claim for violation of the Eighth Amendment.")  Plaintiff has not alleged that he is vegetarian for religious reasons, (*see generally* Compl., ECF No. 1). Instead, Plaintiff alleges that he prefers to eat vegetarian meals as a preference and that when he did not receive vegetarian meals, he chose not to eat the non-vegetarian items. Plaintiff does not allege that the food trays themselves provided inadequate nutrition generally. Under these circumstances, Plaintiff has failed to allege sufficient facts to satisfy the objective component of his Eighth Amendment claim, and Plaintiff's Eighth Amendment claims regarding his receipt of non-vegetarian food trays will be dismissed for failure to state a claim.

### 2.    Claims Regarding Medical Care

Plaintiff also presents a claim under the Eighth Amendment for denial of medical treatment. The deliberate-indifference standard also applies to claims that a prisoner was denied medical care under the Eighth Amendment. *Farmer*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010). Under the objective component, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. A delay in medical treatment may pose a substantial risk of serious harm if the prisoner has an objectively serious medical condition. *Blackmore v. Kalamazoo*, 390 F.3d 890, 899–900 (6th Cir. 2004). Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

Plaintiff's complaint states that he contacted the healthcare and mental health departments at IBC regarding the "physical and mental pain" he was experiencing from not eating, but "[h]ealthcare failed to provide [Plaintiff] treatment or help resolve [the] issue correctly." (*See* Compl., ECF No. 1, PageID.7.) Even if the Court were to assume, without deciding, that Plaintiff's "physical and mental pain" constituted a serious medical condition, Plaintiff has not identified any Defendant that was deliberately indifferent to the risk of harm. Plaintiff's reference to "healthcare" is not sufficient because "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable…." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)). Plaintiff names several nurses at IBC as Defendants in the caption of his complaint, but he does not name them in the body of his complaint, and therefore, does not attribute any denial of medical care to those specific Defendants. In conclusion, Plaintiff fails to state a claim for the denial of medical care under the Eighth Amendment.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might

14

raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly, the Court certifies that an appeal would not be taken in good faith.

A Judgment consistent with this Opinion will be entered.

Dated:      July 23, 2026            /s/ Jane M. Beckering
                                                         Jane M. Beckering
                                                         United States District Judge